

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,318-02

### EX PARTE LEROY EDWARD COTY, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 1264113 FROM THE 180TH DISTRICT COURT OF HARRIS COUNTY

PRICE, J., filed a concurring opinion.

### CONCURRING OPINION

I agree with the Court that it has been a mistake on our part heretofore to presume that a violation of due process has inhered in any and every case that involves testing by Texas Department of Public Safety technician Jonathon Salvador. Such a categorical approach pays insufficient heed to the possibility that, on the facts of a given case, any misconduct that Salvador, or any other demonstrated dry-labber, may have committed did not materially affect the ultimate disposition of the case. After all, a showing of some degree of materiality is an integral component of any claim of a due process violation predicated upon false

evidence.[1]  I gather that it is for this reason that the Court today narrows the presumption to entail, not a wholesale conclusion that due process has been violated, but simply that the State has relied (at least in part) upon false evidence to obtain a conviction.  Once the habeas applicant is able to establish a pattern of misconduct by an agent of the State (here, Salvador), then the burden shifts to the State to produce evidence to show that its agent did *not* behave in accordance with this pattern of misconduct in the applicant's particular case.  In the absence of such specific rebuttal, it may be said that the applicant has demonstrated that false evidence was used against him.  But even if the State cannot satisfy this shifted burden of production, and the presumption of falsity therefore prevails, the due process inquiry is not yet over.  It remains incumbent on the applicant, as a prerequisite to relief, to establish that the false evidence was material.

I write further only to caution that, on remand, the convicting court and the parties take care not to conflate the two issues—falseness and materiality.  For example, it would be a mistake to believe that the State can satisfy its shifted burden to rebut the inference of falsification with evidence that Salvador's purported test results were later verified by Nacu.  Later verification does not necessarily serve to rebut the inference that a State agent who has falsified evidence in the past also falsified evidence in the instant case.  After all, the false evidence is Salvador's lab report itself, which falsely claims to have reached an accurate

---

[1] *E.g.*, *Ex parte Napper*, 322 S.W.3d 202, 241-44 (Tex. Crim. App. 2010).

result from legitimate testing. Similarly, neither the fact that a drug dog alerted to the evidence and Officer Jacobs believed it to be cocaine, nor the positive results of the field test, say anything with respect to whether Salvador later falsified his own test results. That the drug testing letter issued by the Department of Public Safety and signed by Salvador was dated thirteen months prior to the applicant's guilty plea likewise fails to prove that Salvador did not report fraudulent test results. The right inquiry with respect to falsification would simply be whether the State can offer specific evidence to rebut the inference that, notwithstanding that he has falsified reports in the past, the State's agent did not likewise falsify his report in the instant case. An inquiry that is any broader than this—such as an inquiry into the ultimate *accuracy* of the State agent's purported testing results, or whether they can later be verified by legitimate testing—is really part and parcel of the materiality analysis. And that analysis is distinct from, and comes after (or alternatively to), an inquiry into whether false evidence was used.

With these additional remarks, I join the Court's opinion.


FILED:      January 15, 2014
PUBLISH